Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90017
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>COLUMBIA PROPERTY TRUST, INC., CARMEN M. BOWSER, JOHN L. DIXON, DAVID B. HENRY, MURRAY J. MCCABE, E. NELSON MILLS, CONSTANCE B. MOORE, MICHAEL S. ROBB, THOMAS G. WATTLES, and FRANCIS X. WENTWORTH, JR.,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Christopher Taylor ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Columbia Property Trust, Inc. ("Columbia" or the "Company") and its corporate directors for violating Section s 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and

Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which funds managed by Pacific Investment Management Company LLC ("PIMCO" and such funds, the "PIMCO Funds") will acquire the Company through the PIMCO Funds' affiliates Panther Merger Parent, Inc. ("Parent") and Panther Merger Sub, LLC ("Merger Sub") (the "Proposed Transaction").[1]

2.     On September 7, 2021, Columbia announced its entry into an Agreement and Plan of Merger dated the same day (the "Merger Agreement").  That agreement provides Columbia stockholders will receive $19.30 in cash for each share of Company common stock they own (the "Merger Consideration").[2]

3.     On October 6, 2021, Columbia filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Columbia stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants

---

[1] Non-party PIMCO is a fixed income investment manager owned by Allianz S.E., a global diversified financial services provider.  Non-party Parent is a Delaware corporation and an affiliate of PMIT Operating LP, LVS III Holding LP, LVS IV Holding LP and OC III Holding LP (the "Sponsors").  The Sponsors are affiliates of funds managed by PIMCO.  Non-party Merger Sub is a Delaware limited liability company whose sole member is Parent.  Non-party Columbia Operating Partnership, L.P. ("Company OP") is a Delaware limited liability partnership.  Columbia is the general partner of Company OP, owns 97.3% of Company OP, and includes the accounts of Company OP in its consolidated financial statements.

[2] The approximate value of the Proposed Transaction is $3.9 billion.

from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (a) the Company owns and operates over 1,400,000 square feet across five properties in this District; and (b) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Columbia.

10. Defendant Columbia is a Maryland corporation with its principal executive offices located at 315 Park Avenue South, Suite 500, New York, New York 10010. The Company operates as a real estate investment trust ("REIT") for federal income tax purposes and owns and operates commercial real estate properties. Columbia's common stock trades on the New York Stock

Exchange under the ticker symbol "CXP."

11. Defendant Carmen M. Bowser ("Bowser") is and has been a director of the Company since 2016.

12. Defendant John L. Dixon ("Dixon") is and has been a director of the Company since 2008.

13. Defendant David B. Henry ("Henry") is and has been a director of the Company since 2016.

14. Defendant Murray J. McCabe ("McCabe") is and has been a director of the Company since 2013.

15. Defendant E. Nelson Mills ("Mills") has been President of the Company since July 2010, Chief Executive Officer ("CEO") since February 2013, and a director since 2007.

16. Defendant Constance B. Moore ("Moore") has been Chair of the Board since December 31, 2020, and a director of the Company since 2017.

17. Defendant Michael S. Robb ("Robb") is and has been a director of the Company since 2015.

18. Defendant Thomas G. Wattles ("Wattles") is and has been a director of the Company since 2013.

19. Defendant Francis X. Wentworth, Jr. ("Wentworth") is and has been a director of the Company since 2020.

20. Defendants identified in paragraphs 11-19 are referred to herein as the "Board" or the "Individual Defendants."

### SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On September 7, 2021, Columbia announced in relevant part:

NEW YORK & NEWPORT BEACH, Calif -- Columbia Property Trust, Inc. (NYSE: CXP) today announced that it has entered into a definitive agreement to be acquired by funds managed by Pacific Investment Management Company LLC (collectively, "PIMCO"), one of the world's premier global investment management firms, for $3.9 billion including Columbia's proportionate share of consolidated and unconsolidated debt.  Under the terms of the agreement, which has been unanimously approved by Columbia's Board of Directors, PIMCO will acquire all of the outstanding shares of Columbia common stock for $19.30 per share in cash.  This represents a premium of approximately 27% over Columbia's unaffected closing share price on Friday, March 12, 2021.  During this time period the high barrier office sector has traded down 5%.

This transaction with PIMCO is the culmination of a comprehensive strategic review process undertaken by Columbia's Board of Directors which was publicly announced in the spring of this year.  As part of this process, Columbia's Board and advisors invited nearly 90 potential counterparties to participate, including strategic acquirers, private equity firms and other investment management firms.

Constance Moore, Chair of the Columbia Board of Directors, said, "The Board of Directors is pleased to have reached this definitive agreement with PIMCO.  This transaction provides Columbia shareholders with immediate and certain cash value at a significant premium to the Company's public market valuation, and we are confident it represents the best outcome for all Columbia shareholders."

Nelson Mills, President and Chief Executive Officer of Columbia, said, "Today's announcement represents the result of a comprehensive strategic review process and demonstrates the value and stability of Columbia's portfolio, the resiliency of our platform, and the capabilities of our team."

"We continue to believe that high-quality office buildings in major U.S. cities offer long-term value for our clients and Columbia has assembled a modernized, well-located portfolio of assets that we expect will perform well in the years ahead," said John Murray, PIMCO Global Head of Private Commercial Real Estate.

Francois Trausch, PIMCO Managing Director and Chief Executive Officer of Allianz Real Estate, added, "This is an exciting transaction and a great example of the strength of relationships within PIMCO's global real estate platform."

The transaction is expected to close as early as year-end, subject to approval by Columbia's shareholders and the satisfaction of other customary closing conditions.  Upon completion of the transaction, Columbia's common stock will no longer be listed on the New York Stock Exchange.

Columbia shareholders will be entitled to receive the previously announced third quarter dividend of $0.21 per share payable on September 15, 2021.  Thereafter, Columbia will not pay additional quarterly dividends during the pendency of the transaction.

> Due to the pending acquisition, Columbia will not be holding a conference call for its third quarter 2021 business results after it releases earnings information.
>
> Morgan Stanley & Co. LLC is serving as lead financial advisor to Columbia and Wachtell, Lipton, Rosen & Katz is serving as legal advisor.  Eastdil Secured LLC and J.P. Morgan are also acting as financial advisors to Columbia.
>
> Goldman Sachs & Co. LLC is serving as lead financial advisor to PIMCO and Latham & Watkins LLP and Milbank LLP are serving as legal advisors.  Deutsche Bank Securities Inc. is also acting as a financial advisor to PIMCO. Cushman & Wakefield is acting as a real estate consultant to PIMCO.

**The Proxy Statement Contains Material Misstatements or Omissions**

22. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Columbia's stockholders.  The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

23. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the Company's financial projections; and (b) the valuation analyses underlying the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

*Material Omissions Concerning the Company's Financial Projections*

24. The Proxy Statement omits material information regarding the Company's financial projections, including the projections prepared by Columbia management in March of 2021 (the "March Projections").  See Proxy Statement at 38.[3]  The Proxy Statement also fails to disclose all line items underlying the calculation of: (a) Property Cash NOI; (b) Adjusted EBITDA; (c) Normalized FFO per Share; (d) AFFO per Share; and (e) unlevered free cash flow.

---

[3] To the extent applicable, the Proxy Statement also does not disclose the differences between the March Projections and those referred to therein as the "Columbia Projections."

25. The omission of this material information renders the statements in the "Certain Unaudited Financial Projections" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's Financial Analyses***

26. The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by Morgan Stanley.

27. The Proxy Statement describes Morgan Stanley's fairness opinion and the various underlying valuation analyses. That description, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding the Morgan Stanley's work. As a result, Columbia stockholders cannot assess what significance to place on Morgan Stanley's fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

28. With respect to Morgan Stanley's *Research Analyst Price Targets and NAV Targets* analysis, the Proxy Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

29. With respect to Morgan Stanley's *Comparable Public Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the comparable companies observed by Morgan Stanley in the analysis.

30. With respect to Morgan Stanley's *Premiums Paid Analysis*, the Proxy Statement fails to disclose the individual premiums for each of the transactions observed.

31. With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) the forecasted net operating income of Columbia for the 12 months ending December 31, 2026 used to calculate the terminal values for the Company; (b) the range of terminal values for Columbia; (c) the inputs and assumptions underlying the range of discount rates

utilized by Morgan Stanley in connection with the analysis; (d) Columbia's outstanding debt, non-controlling interests, and outstanding cash, all as provided by Company management; and (e) the number of fully diluted shares of Company common stock used in the analysis.

32. With respect to Morgan Stanley's *Net Asset Value Analysis*, the Proxy Statement fails to disclose: (a) Columbia management's estimates of asset value for its operating real estate; (b) Columbia management's estimates of asset value for its development in progress; (c) the estimated value of Columbia's cash, investment management and asset management platform, and other tangible assets; and (d) the Company's debt and other liabilities.

33. With respect to Morgan Stanley's *Private Buyer Analysis*, the Proxy Statement fails to disclose net operating income from June 30, 2021, through December 31, 2025.

34. The omission of this material information renders the statements in the "Opinion of Our Financial Advisor" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act. When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must be fairly disclosed.

35. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Columbia will be unable to make an informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

# CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

36. Plaintiff repeats all previous allegations as if set forth in full.

37. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

38. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

40. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief

is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for**

**Violations of Section 20(a) of the Exchange Act**

42. Plaintiff repeats all previous allegations as if set forth in full.

43. The Individual Defendants acted as controlling persons of Columbia within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Columbia, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

46. In addition, as the Proxy Statement sets forth at length, and as described herein, the

Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Columbia's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Columbia, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Columbia stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

| | |
|---|---|
| Dated: November 12, 2021 | **WEISSLAW LLP** <br> Joel E. Elkins <br><br> By: */s/ Joel E. Elkins* |
| OF COUNSEL: <br><br> **LONG LAW, LLC** <br><br> Brian D. Long (#4347) <br> 3828 Kennett Pike, Suite 208 <br> Wilmington, DE 19807 <br> Telephone: (302) 729-9100 <br> Email: BDLong@longlawde.com | Joel E. Elkins <br> 611 Wilshire Blvd., Suite 808 <br> Los Angeles, CA 90017 <br> Telephone:  310/208-2800 <br> Facsimile:   310/209-2348 <br>     -and- <br> Richard A. Acocelli <br> 305 Broadway, 7th Floor <br> New York, NY 10007 <br> Telephone: 212/682-3025 <br> Facsimile:  212/682-3010 <br><br> *Attorneys for Plaintiff* |

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS